IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN STANCU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-1737-E-BN |
| | § | |
| HYATT CORPORATION/HYATT | § | (Consolidated with: |
| REGENCY DALLAS, ET AL., | § | No. 3:18-cv-3383-E-BN; |
| | § | No. 3:19-cv-1971-E) |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Three *pro se* employment actions filed by Plaintiff John Stancu – two that he

filed in federal court and one that he filed in state court that was removed to federal

court – are consolidated before the Court, *see* Dkt. Nos. 10 & 11, and referred to the

undersigned United States magistrate judge for pretrial management under 28 U.S.C.

§ 636(b) and a standing order of reference from United States District Judge Ada

Brown.

The Court has granted Mr. Stancu leave to proceed *in forma pauperis* ("IFP").

*See* Dkt. No. 9. And Defendant Gallagher Bassett Services, Inc. has moved to dismiss

Mr. Stancu's claims as asserted against it under Federal Rule of Civil Procedure

12(b)(6). *See* Dkt. No. 15.

Mr. Stancu responded to the motion to dismiss. *See* Dkt. No. 16. And Gallagher

Bassett replied. *See* Dkt. No. 17.

The undersigned enters these findings of fact, conclusions of law, and

recommendation that, for the reasons explained below, the Court should grant the motion to dismiss and should order Mr. Stancu to file an amended complaint addressing all claims that he has made in the consolidated cases, making his best case for why those claims allege plausible violations of the statutes he cites.

## Applicable Background

Mr. Stancu "works as a shift engineer at the Hyatt Regency Dallas ('Hyatt'). Having filed about twenty lawsuits in the past thirty years, he is also a prolific *pro se* litigant. Hyatt is his latest target." *Stancu v. Hyatt Corporation / Hyatt Regency Dallas*, ___ F. App'x ___, No. 18-11279, 2019 WL 5390629, at *1 (5th Cir. Oct. 21, 2019) (per curiam). The Court most recently granted Hyatt summary judgment on Mr. Stancu's claims that Hyatt, among other things, violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"); retaliated against Mr. Stancu; created a hostile workplace under the ADEA; and violated his rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). *See generally Stancu v. Hyatt Corporation / Hyatt Regency Dallas*, Nos. 3:17-cv-675-S-BN & 3:17-cv-2918-L, 2018 WL 4471786 (N.D. Tex. Aug. 28, 2019), *rec. accepted*, 2018 WL 4471692 (N.D. Tex. Sept. 18, 2019), *aff'd*, 2019 WL 5390629 (5th Cir. Oct. 21, 2019).

Through the first filed action, -1737, Mr. Stancu appears to raise ADEA and FMLA retaliation claims against Hyatt based on an EEOC complaint that he filed in May 2018, asserting that the alleged discriminatory conduct occurred from April 10, 2018 to May 18, 2018. *See, e.g.*, Dkt. No. 3 at 1, 14-17. The second filed action, -3383, appears to bring additional ADEA and FMLA retaliation claims against Hyatt based

on an EEOC complaint that Mr. Stancu filed in September 2018, asserting that the alleged discriminatory conduct occurred from May 21, 2018 to September 24, 2018. *See, e.g.*, No. 3:18-cv-3383, Dkt. No. 3 at 1, 17-21. And, in the action that Mr. Stancu filed in state court, he alleges that he was injured on the job on August 23, 2018 and that his employer continues to retaliate against him based on his pursuit of employment discrimination litigation. *See generally* No. 3:19-cv-1971, Dkt. No. 2-2.

After the three consolidated actions were transferred to Judge Brown, *see* Dkt. No. 13, she denied Mr. Stancu's motion to recuse United States District Judge Karen Gren Scholer (as moot) and the undersigned, recommitting Mr. Stancu's actions to the undersigned for further pretrial management, *see* Dkt. No. 18. Mr. Stancu then appealed that order to the Fifth Circuit. *See* Dkt. No. 19.

But, because Judge Brown's order denying the recusal motion "is not an appealable interlocutory order under 28 U.S.C. § 1292(a)," *Nobby Lobby, Inc., v. City of Dallas*, 970 F.2d 82, 86 n.3 (5th Cir. 1992) (citations omitted), the Court need not defer either its consideration of Gallagher Bassett's motion to dismiss or its screening of Mr. Stancu's claims filed IFP, *see United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989) ("Notice of appeal from a non-appealable order ... does not render void for lack of jurisdiction acts of the trial court taken in the interval between filing of the notice and dismissal of the appeal"); *see also Nascimento v. Dummer*, 508 F.3d 905, 909–10 (9th Cir. 2007) ("[W]hen a litigant makes an improper interlocutory appeal, such action will not throw a monkey wrench into the machinery of our justice system. Instead, when an improper appeal is taken, the district court retains its jurisdiction

to act on the case, and its extant orders must be followed by the litigants, at risk of

grave sanction.").

## Legal Standards

A district court is required to screen a civil action filed IFP and may summarily

dismiss that action, or any portion of the action, if, for example, it fails to state a claim

on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of §

1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6). *Black*

*v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). And dismissal for failure

to state a claim under either Section 1915(e)(2)(B)(ii) or Rule 12(b)(6) "turns on the

sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*,

615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby,*

*Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal

Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement

of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims

asserted have "substantive plausibility" by stating "simply, concisely, and directly

events" that they contends entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-

(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court ... create causes of action where there are none.").

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment

would be futile, i.e., "an amended complaint would still 'fail to survive a Rule 12(b)(6)

motion.'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports,*

*L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

## Discussion

In the petition Mr. Stancu filed in state court, he alleged that Hyatt was his

employer and that Gallagher Bassett is a third-party administrator for processing

benefits claims filed by Hyatt employees. *See* Dkt. No. 2-2 at 2, 76, & 78-79. Because

Mr. Stancu fails to allege that he is employed by Gallagher Bassett, he has not alleged

a plausible retaliation claim against this defendant under any applicable federal or

state statute he invokes. *See, e.g., Elsensohn v. St. Tammany Par. Sheriff's Office*, 530

F.3d 369, 372-75 (5th Cir. 2008) (per curiam) (noting that, "[o]rdinarily, cases seeking

to enforce proscriptive rights are brought by the employees who were discriminated

against under [29 U.S.C.] § 2615(a)(2)" and refusing to broaden an FMLA retaliation

claim "to an employee based on his or her familial relationship to an employee seeking

to oppose an unlawful or discriminatory action" (citations omitted)); *Brennan v.*

*Mercedes-Benz USA*, 388 F.3d 133, 135 (5th Cir. 2004) ("requiring the existence of an

employment relationship" to bring a claim under Title I of the ADA (citations omitted));

*Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 54 (Tex. 2011) ("The Texas

Anti-Retaliation Law, found in Chapter 451 of the Texas Labor Code, prohibits a

person from discharging or discriminating against an employee, who in good faith files

a workers' compensation claim. This law applies to private employers." (citing TEX.

LAB. CODE § 451.001(1))).[1]

Regarding Mr. Stancu's retaliation claims more broadly, "the ADEA ... and the

FMLA" – among other similar statutes – "all contain provisions prohibiting retaliation

for asserting the rights or enjoying the benefits under those statutes." *Munoz v. Seton*

*Healthcare, Inc.*, 557 F. App'x 314, 321 (5th Cir. 2014) (per curiam) (citing *Holtzclaw*

*v. DSC Commc'ns Corp.*, 255 F.3d 254, 259 (5th Cir. 2001) (ADEA); *Mauder v. Metro.*

*Transit Auth. of Harris Cnty., Tex.*, 446 F.3d 574, 583 (5th Cir. 2006) (FMLA); citations

omitted). "In the retaliation context, a prima facie case requires a showing that (1) [Mr.

Stancu] engaged in a protected activity pursuant to one of the statutes, (2) an adverse

employment action occurred, and (3) there exists a causal link connecting the protected

activity to the adverse employment action." *Id.* (citation omitted).

> For purposes of [statutory] anti-retaliation provision[s], the Supreme
> Court has held that an adverse employment action is defined slightly
> more broadly than the term is defined in the employment discrimination
> context. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68

---

[1] *See also Acker v. Gen. Motors LLC*, No. 4:15-cv-706-A, 2015 WL 8482306, at
*3 (N.D. Tex. Dec. 8, 2015) ("The Fifth Circuit has yet to determine if a third-party
claims administrator falls within the definition of an employer under the FMLA.
District courts that have addressed this issue have found that third-party claims
administrators do not exercise sufficient control over the employee to fall under the
definition of employer for the FMLA. ... In addition, plaintiff merely alleges that
Sedgwick is an employer because it exercised control over plaintiff's FMLA leave
and that GM does not make the determination of FMLA approval. However, this
statement is contrary to plaintiff's pleadings which twice state that GM adopted
Sedgwick's findings on FMLA leave, implying that it was GM, not Sedgwick, that
made the ultimate determination on FMLA leave. Plaintiff's pleadings wholly fail to
establish that Sedwick is a proper party in this FMLA claim because plaintiff has
not established that Sedgwick was plaintiff's employer. Plaintiff's conclusory
allegations do not amount to a valid claim for FMLA interference against
Sedgwick." (citations omitted)).

(2006). Specifically, a plaintiff seeking to establish a retaliatory adverse employment action "must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (cleaned up).

[Applicable] anti-retaliation provisions do not protect employees from "petty slights, minor annoyances, and simple lack of good manners." *Id.* However, retaliatory adverse employment actions also need not rise to the level of ultimate employment decisions. *Id.*; *Donaldson v. CDB Inc.*, 335 F. App'x 494, 506 (5th Cir. 2009). [And], when determining whether an allegedly retaliatory action is materially adverse, courts "look to indicia such as whether the action affected 'job title, grade, hours, salary, or benefits' or caused 'a diminution in prestige or change in standing among ... coworkers.'" *Paul v. Elayn Hunt Corr. Ctr.*, 666 F. App'x 342, 346 (5th Cir. 2016) (quoting *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009)).

*Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 826-27 (5th Cir. 2019) (citation modified).

Together, the three elements – engaging in a protected activity; an adverse employment action; and a causal link between the two – make out a prime facie case of retaliation. A plaintiff need not establish a prima facie case in order to survive judicial screening under Section 1915(e)(2)(B). *Cf. Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). But a plaintiff must "plead sufficient facts on all of the ultimate elements of his claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) ("*Raj*, however, does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)).

Against this legal framework, it is unclear whether Mr. Stancu has alleged facts to support each element, such that his claims as currently pled survive judicial screening under Section 1915(e)(2)(B). To cure this deficiency, the Court should grant Gallagher Bassett's motion to dismiss without prejudice to Mr. Stancu's filing one final consolidated amended complaint containing sufficient factual information to allege a plausible claim under any theory applicable to the employment-related claims that he asserts across these three actions.

## Recommendation

The Court should grant Defendant Gallagher Bassett Services, Inc.'s motion to dismiss [Dkt. No. 15], deny and terminate Plaintiff's Motion to Deny Defendant's Motion to Dismiss [Dkt. No. 16], and order Plaintiff John Stancu to file an amended complaint containing sufficient factual information to allege a plausible claim under any theory applicable to the employment-related claims that he asserts across these three actions.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 30, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE