IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN STANCU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-1737-E-BN |
| | § | |
| HYATT CORPORATION/HYATT | § | (Consolidated with: |
| REGENCY DALLAS, | § | No. 3:18-cv-3383-E-BN; |
| | § | No. 3:19-cv-1971-E) |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
UNOPPOSED FIRST MOTION TO EXTEND PENDING DEADLINES**

Three *pro se* employment actions filed by Plaintiff John Stancu – two that he
filed in federal court and one that he filed in state court that was removed to federal
court – are consolidated before the Court and referred to the undersigned United
States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a
standing order of reference from United States District Judge Ada Brown.

As ordered by the Court, Stancu filed an amended complaint solely against
Defendant Hyatt Corporation. *See* Dkt. No. 31. Hyatt answered. *See* Dkt. No. 33. And,
on August 5, 2020, the Court entered an initial scheduling order under the Civil
Justice Expense and Delay Reduction Plan for the Northern District of Texas and
Federal Rule of Civil Procedure 16(b) [Dkt. No. 37] (the Rule 16(b) Scheduling Order).

On April 23, 2021, Hyatt filed an unopposed motion requesting that the Court
extend the deadlines pending in the Rule 16(b) Scheduling Order by approximately
four months, explaining that "an extension of the forthcoming deadlines in this
matter will allow for resolution of Hyatt's pending Motion to Dismiss" (made under

28 U.S.C. § 1915(e)(2)), through which Hyatt seeks, in the alternative, that the Court consolidate these cases with a later case filed by Stancu (No. 3:20-cv-864-E-BN) – a case that has yet to progress past the pleadings stage – to "permit both Stancu and Hyatt to engage in streamlined discovery in that consolidated action," and "that the pending deadlines be extended due to the difficulties of engaging in litigation during the ongoing COVID-19 pandemic. These issues have rendered the prior case deadlines impracticable. For instance, in prior filings in other cases, Stancu has claimed to have limited access to electronic communications systems, which has called into question the feasibility of conducting remote, electronic depositions." Dkt. No. 42.

"District courts must have the power to control their dockets by holding litigants to a schedule." *Shepherd v. City of Shreveport*, 920 F.3d 278, 288 (5th Cir. 2019) (citing *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997)). Indeed, district court are empowered "to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co.*, 110 F.3d at 258 (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992)). To facilitate this, "[t]he Federal Rules of Civil Procedure state that a pretrial schedule may be modified 'only for good cause.'" *Shepherd*, 920 F.3d at 287 (quoting FED. R. CIV. P. 16(b)(4)); *cf. Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979) ("[W]e ascribe to the trial court a broad discretion to preserve the integrity and purpose of the pretrial order…." (citation omitted)).

To meet the good cause standard, parties must show that, despite their

diligence, they could not reasonably have met a deadline (or deadlines) in the scheduling order. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) ("To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." (internal quotation marks omitted)); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (citations and internal quotation marks omitted)); *cf., e.g.*, *Puig v. Citibank, N.A.*, 514 F. App'x 483, 488 (5th Cir. 2013) (per curiam) ("[T]o determine whether the district court abused its discretion in finding no good cause to modify its scheduling order, we look to the [party's] diligence in [obtaining compliance] within the scheduling order's timeline.").

In exercising the authority to determine whether to modify a scheduling order for good cause under Federal Rule of Civil Procedure 16(b)(4), the "four relevant factors" are: "'(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice.'" *Squyres*, 782 F.3d at 237 (quoting *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010); brackets omitted).

While "[t]he court considers the four factors holistically and 'does not mechanically count the number of factors that favor each side,'" *Harrison v. Wells*

*Fargo Bank*, No. 3:13-cv-4682-D, 2016 WL 3612124, at *2 (N.D. Tex. July 6, 2016) (quoting *EEOC v. Serv. Temps, Inc.*, No. 3:08-cv-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009)), "[t]he absence of prejudice to the nonmovant and inadvertence of the party seeking the modification are insufficient to demonstrate 'good cause,'" *Barnes v. Sanchez*, No. 3:07-cv-1184-M, 2010 WL 5027040, at *1 (N.D. Tex. Dec. 2, 2010) (footnote omitted).

Here, the Court is not persuaded that either the pendency of the Section 1915(e)(2) motion to dismiss, filed more than seven months after the Court entered the Rule 16(b) Scheduling Order, or the remote possibility that the Court will consolidate these three actions – particularly given how long they have been pending with a Rule 16(b) schedule in place – with No. 3:20-cv-864-E-BN is adequate to justify the relief that Hyatt seeks.

More importantly, Hyatt has not demonstrated due diligence and thus established good cause under Rule 16(b)(4).

The two reasons above do not show that the deadlines set by the Rule 16(b) Scheduling Order "cannot reasonably be met despite [Hyatt's] diligence." *Squyres*, 782 F.3d at 237; *see, e.g.*, *Turner v. Nationstar Mortg. LLC*, No. 3:14-cv-1704-L-BN, 2015 WL 12763510, at *3 (N.D. Tex. Mar. 6, 2015) ("The BDFTE Defendants do not explain how, if at all, the alleged uncertainly created by their pending motion to dismiss is impeding their efforts, if any, to conduct discovery or otherwise comply with the pending, unexpired deadlines.").

Nor does Hyatt's generalized explanations related to the pandemic.

The Court no doubt appreciates the difficulties of litigating over the past 14 months. But Hyatt's representation that "in prior filings in other cases, Stancu has claimed to have limited access to electronic communications systems, which has called into question the feasibility of conducting remote, electronic depositions," Dkt. No. 42 at 2, does not show that the existing "schedule cannot be met despite [Hyatt's] diligence," *Sosa*, 133 F.3d at 1418, and thus establish good cause.

Indeed, to find good cause, courts "look to the [party's] diligence in [obtaining compliance] within the scheduling order's timeline." *Puig*, 514 F. App'x at 488. Given the unexpired deadlines here, this would require that Hyatt (1) demonstrate how it has attempted to meet the existing deadlines and (2) explain why, even though it has acted with diligence, the existing deadlines still cannot be met. Hyatt does not address the first prong. And, considering the second, and taking for example Hyatt's contention that conducting Stancu's deposition remotely electronically is not feasible, Hyatt has not explained why, considering the Spring weather and the wide availability of the vaccines, Stancu's deposition could not be conducted outside or otherwise physically distanced prior to the current discovery cutoff of May 31, 2021.

In sum, because Hyatt has not demonstrated good cause under Rule 16(b)(4), its unopposed motion to modify the Rule 16(b) Scheduling Order is DENIED.

SO ORDERED.

DATED: April 26, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE